**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 23-6150**

————————

PETER D. HUFF,

             Plaintiff - Appellant,

        v.

STEPHANIE PETERS,

             Defendant - Appellee.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-ct-03015-BO)

————————

Submitted:  July 25, 2023                          Decided:  July 28, 2023

————————

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

————————

Dismissed by unpublished per curiam opinion.

————————

Peter D. Huff, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter D. Huff seeks to appeal the district court's order granting Defendant's motion for summary judgment in Huff's 42 U.S.C. § 1983 action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 9, 2022. Huff filed the notice of appeal on February 11, 2023.[*] Because Huff failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

                                                                            *DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Huff could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2